UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| MICHELLE MARIE MONTES o/b/o E.M.H., | 17-CV-322-MJR |
| | DECISION AND ORDER |
| Plaintiff, | |
| -v- | |
| COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

_____

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 21).

Plaintiff Michelle Marie Montes brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) on behalf of her child, E.M.H., seeking judicial review of the final decision of the Commissioner of Social Security denying E.M.H. Supplemental Security Income Benefits ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Montes' motion (Dkt. No. 14) is granted, the Commissioner's motion (Dkt. No. 15) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## **BACKGROUND**

On January 23, 2013, Montes filed an SSI application on behalf of E.M.H. alleging that E.M.H. has been disabled since August 1, 2009 due to arthritis, attention deficit hyperactivity disorder ("ADHD"), and behavioral issues. (*See* Tr. 87, 96, 151-56).[2] Born

---

[1] The Clerk of Court is directed to amend the caption accordingly.
[2] References to "Tr." are to the administrative record in this case.

in 2006, E.M.H. was six-years old at the time of the application. (*See* Tr. 43-44). The application was denied on May 17, 2013 (Tr. 96-100), after which Montes requested a hearing before an Administrative Law Judge (Tr. 101-02). On May 27, 2015, Montes and E.M.H. appeared with counsel before Administrative Law Judge Bruce R. Mazzarella (the "ALJ") for a hearing. (Tr. 36-85). On August 25, 2015, the ALJ issued his decision denying E.M.H.'s SSI claim. (Tr. 8-35). Montes requested review by the Appeals Council (Tr. 6-7), but on February 15, 2017, the Appeals Council denied Montes' request, making the ALJ's decision the final decision of the Commissioner (Tr. 1-3). This action followed.

## DISCUSSION

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the

conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.     *Standards for Determining "Disability" Under the Act*

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(i). The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act. *See* 20 C.F.R. §416.924. At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. *Id.* §416.924(b). If so, the child is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the child has a medically

determinable impairment(s) that is "severe." *Id.* §416.924(c). If the child does not have a severe impairment(s), he or she is not disabled. *Id.* If the child does have a severe impairment(s), the ALJ continues to step three and examines whether the child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings"). *Id.* §416.924(d). In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him or herself; and (6) health and physical well-being. *Id.* §416.926a(b)(1)(i)-(vi). To functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* §416.926a(a). A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* §416.926a(e)(2). A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* §416.926a(e)(3). If the child has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the Act's duration requirement, the ALJ will find the child disabled. *Id.* §416.924(d).

### III. *The ALJ's Decision*

The ALJ noted at the outset of his decision that Montes had filed a prior SSI application on behalf of E.M.H. on December 8, 2011 which had been denied on April 5, 2012. (Tr. 11). The ALJ thus reopened the prior application and assessed E.M.H.'s SSI

claim as of December 8, 2011. (*Id.*). The ALJ then followed the required three-step process for evaluating E.M.H.'s SSI claim. At the first step, the ALJ found that E.M.H. has not engaged in substantial gainful activity since December 8, 2011, the date of her prior SSI application. (Tr. 14). At the second step, the ALJ determined that E.M.H. has the following severe impairments: rheumatoid arthritis, ADHD, and a learning disability. (*Id.*). At the third step, the ALJ found that E.M.H. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 14). The ALJ then proceeded to consider whether E.M.H. has an impairment or combination of impairments that functionally equals the Listings, but he concluded that E.M.H. does not because he found that E.M.H. has less than marked limitations in all six domains of functioning. (Tr. 15-30). As a result, the ALJ held that E.M.H. has not been disabled within the meaning of the Act since December 8, 2011, the date of her prior SSI application. (Tr. 30).

  IV. *Montes' Challenges*

Montes challenges the Commissioner's disability decision on two grounds: first, that the ALJ failed to adequately develop the record, and second, that the ALJ's credibility assessment is flawed. (*See* Dkt. No. 14-1 (Montes' Memo. of Law)). The Court will address each challenge in turn.

  A. *Development of the Record*

Montes argues that the ALJ failed to adequately develop the record by not obtaining E.M.H.'s individual treatment notes from the Monsignor Carr Institute, where E.M.H. received treatment for her ADHD from 2012 through 2015. (*See* Tr. 395-421 (Monsignor Carr Institute yearly treatment summaries); Tr. 386 (April 2012 school

psychologist report indicating that E.M.H. "is currently working with a therapist" at the Monsignor Carr Institute). The Court agrees.

Given "the essentially non-adversarial nature of a benefits proceeding," the ALJ "must . . . affirmatively develop the record." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (quoting *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). The ALJ's duty to develop the record applies even when the claimant is represented by counsel. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). Counsel's failure to provide records on his or her own accord does not necessarily excuse the ALJ from making his own good faith effort to develop the record. *See Cadet v. Colvin*, 121 F. Supp. 3d 317, 321 (W.D.N.Y. 2015) (remanding for further development of the record where counsel failed to provide treatment records and the ALJ did not make an effort to obtain the records on his own). "On the other hand, where there are no 'obvious gaps' in the record and a 'complete medical history' exists, the ALJ is not obligated to seek additional evidence." *Sotososa v. Colvin*, No. 15-CV-854-FPG, 2016 WL 6517788, at *3 (W.D.N.Y. Nov. 3, 2016) (quoting *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999)).

Here, Montes' counsel submitted yearly treatment summaries from the Monsignor Carr Institute to the ALJ, but neither Montes' counsel nor the ALJ obtained E.M.H.'s individual treatment notes from the Institute even though it seems likely that such notes exist given that E.M.H. treated there for several years. The ALJ's failure to obtain the treatment notes on his own affected the outcome of E.M.H.'s SSI claim because the ALJ concluded that E.M.H. has less than marked limitations in the domains of acquiring and using information and attending and completing tasks, and both of these domains are relevant where, as here, the claimant has ADHD. (Tr. 22-25). Combined with other

evidence in the record regarding E.M.H.'s ADHD,[3] the missing treatment notes from the Monsignor Carr Institute could have allowed the ALJ to conclude that E.M.H. has at least marked limitations in these two domains, rendering her disabled within the meaning of the Act.

The Commissioner's argument that the ALJ did not have to seek out the Monsignor Carr Institute treatment notes because he justifiably relied on other evidence in the record in reaching his disability decision — namely, consultative examinations by Dr. Santarpia and Dr. Baskin, reports from school psychologist Janine Macdonald, and opinions rendered by state agency review physician Dr. Meyer (*see* Dkt. No. 15-1 (Commissioner's Memo. of Law) at 17) — is misplaced. First, the consultative examinations relied upon by the Commissioner only give a glimpse of E.M.H. on a single day, whereas the missing notes from the Monsignor Carr Institute are from treating mental healthcare specialists who observed E.M.H. over the course of several years. *See Cruz v. Sullivan,* 912 F.2d 8, 13 (2d Cir. 1990) (noting that "consultative exams are often brief, are generally performed without benefit or review of claimant's medical history and, at best, only give a glimpse of the claimant on a single day") (quoting *Torres v. Bowen,* 700 F. Supp. 1306, 1312 (S.D.N.Y. 1988)). Second, the school psychologist's findings actually support the conclusion that E.M.H. is disabled, as the psychologist opined that E.M.H. had "significant difficulties with inattention, hyperactivity and impulsivity over the course of the school year." (Tr. 388). Third, the opinions of the state agency review physician do not constitute

---

[3] (*See* Tr. 396-421 (Monsignor Carr Institute treatment summaries indicating that E.M.H. had not reached all of her treatment goals such as increasing focus); Tr. 264, 336, 493 (medical records indicating multiple changes in E.M.H.'s ADHD medications); Tr. 430 (2014-2015 Individualized Education Program ("IEP") document indicating that E.M.H. easily loses focus and can be distracted and overwhelmed in a large classroom setting); Tr. 441 (2015-2016 IEP document indicating that E.M.H. needs adult prompting to remain on task and to eliminate distractions); Tr. 388 (school psychologist report stating that E.M.H. has "significant difficulties with inattention, hyperactivity and impulsivity")).

substantial evidence here because the review physician, like the ALJ, did not have a complete record before her when she rendered her opinions. *See Stevens v. Comm'r of Soc. Sec.*, No. 3:15-CV-524(ATB), 2016 WL 3199515, at *7 (N.D.N.Y. June 8, 2016) ("[T]he assignment of significant weight to a non-examining consultant's opinion is error when the consultant reviewed an incomplete record that lacks notes or opinions by the plaintiff's treating psychiatrist."). Accordingly, this case is remanded for further development of the record with regard to E.M.H.'s Monsignor Carr Institute treatment notes. *See Harris v. Berryhill*, 293 F. Supp. 3d 365, 368 (W.D.N.Y. 2018) (remanding for further proceedings because the record lacked plaintiff's treatment notes from the Monsignor Carr Institute and plaintiff had received "frequent and regular health treatment" there); *Sotososa*, 2016 WL 6517788, at *3 (remanding for further proceedings because it was apparent plaintiff's mental health treatment notes were missing from the record).[4]

### B. *Credibility*

The ALJ should make a new credibility determination on remand after further developing the record with the Monsignor Carr Institute records discussed above.

## **CONCLUSION**

For the foregoing reasons, Montes' motion for judgment on the pleadings (Dkt. No. 14) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 15) is

---

[4] The Second Circuit summary orders relied upon by the Commissioner in support of her argument that the ALJ fulfilled his duty to develop the record are factually inapposite and thus do not support a contrary ruling. *See Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (summary order) (record contained plaintiff's treatment records for the eight-year period prior to the filing of his claim); *Morris v. Berryhill*, 721 F. App'x 25, 27-28 (2d Cir. 2018) (summary order) (no evidence that additional records actually existed); *Bushey v. Colvin*, 607 F. App'x 114, 115 (2d Cir. 2015) (summary order) (plaintiff failed to identify any missing records that could have influenced the ALJ's decision); *Reices-Colon v. Astrue*, 523 F. App'x 796, 799 (2d Cir. 2013) (summary order) (plaintiff failed to identify any missing records and did not explain how such records could have affected her disability claim).

denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:	November 1, 2018
	Buffalo, New York

								*/s/ Michael J. Roemer*
								MICHAEL J. ROEMER
								United States Magistrate Judge