UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELLE MARIE MONTES o/b/o E.M.H.,         17-CV-322-MJR
                                                    DECISION AND ORDER
                           Plaintiff,

       -v-

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
_____

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 21).

## **BACKGROUND**

Plaintiff Michelle Montes brought this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) on behalf of her child, E.M.H., seeking judicial review of the final decision of the Commissioner of Social Security denying E.M.H. Supplemental Security Income Benefits under the Social Security Act. On November 1, 2018, the Court issued a Decision and Order granting Montes' motion for judgment on the pleadings, denying the Commissioner's cross motion for judgment on the pleadings, and remanding the case to the Commissioner for further development of the record and to make a new credibility determination. (Dkt. No. 22). Having prevailed at the merits stage of this action, Montes now moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). (Dkt. No. 24). For the following reasons, Montes' motion is granted in part and denied in part.

**DISCUSSION**

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A). Fees under the EAJA are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. §2412(d)(2)(A).

Here, although the Commissioner does not dispute that Montes is the prevailing party, the Commissioner argues that Montes is not entitled to attorney's fees because the Commissioner's position was "substantially justified" and "special circumstances make [a fee award] unjust." The Commissioner argues in the alternative that the Court should reduce the amount of Montes' fee request because the amount of time expended by her counsel on the litigation, and counsel's proposed hourly rate, are unreasonable. The Court will address each issue in turn.

    I.    *Substantial Justification*

"The [g]overnment bears the burden of showing that its position was substantially justified, and to meet that burden, it must make a strong showing that its action was justified to a degree that could satisfy a reasonable person." *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (internal quotation marks and citations omitted). "Substantially justified" does not mean "'justified to a high degree,' but rather 'justified in substance or in the main.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's position

can be substantially justified even though it lost the case. *See Scarborough v. Principi*, 541 U.S. 401, 415 (2004).

In arguing that her litigation position was substantially justified, the Commissioner largely advances the same arguments that she presented to the Court at the merits stage of this action, before the Court issued its remand order. However, largely for the reasons set forth in its prior Decision and Order, "[t]he Court finds that [the] Commissioner did not have then, and does not have now, any reasonable basis in law or fact to oppose remand." *Leon ex rel. J.E.V. v. Colvin*, No. 1:15-cv-914(MAT), 2018 WL 4404577, at *3 (W.D.N.Y. Sept. 16, 2018); *see also Padula v. Colvin*, 602 F. App'x 25, 27 (2d Cir. 2015) (summary order) ("[T]he Commissioner continues to urge a view of the evidence suggesting that it should have prevailed on the merits of the prior appeal, but this reprise of arguments we previously found unavailing is insufficient on its own to show that her 'position . . . had a reasonable basis in both law and fact.'") (second alteration in original) (quoting *Fed. Election Comm'n v. Political Contributions Data, Inc.*, 995 F.2d 383, 386 (2d Cir. 1993)). Accordingly, the Court concludes that the Commissioner's position was not substantially justified.

II. <u>Special Circumstances</u>

"The EAJA's 'special circumstances' exception is a 'safety valve' that gives 'the court discretion to deny awards where equitable considerations dictate an award should not be made.'" *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 303 (2d Cir. 2011) (quoting *Scarborough*, 541 U.S. at 422-23). A prevailing party may be denied attorney's fees under the EAJA for special circumstances "when his own misconduct created the circumstances that led to the litigation." *Id.* at 304. "In the context of Social Security

appeals with a record development issue, '[b]ecause of the ALJ's duty to investigate, if counsel's entitlement to fees is questioned due to an undeveloped record, it must be clear that counsel bore primary responsibility for those deficiencies before the fee recovery is reduced.'" *Shaffer v. Comm'r of Soc. Sec.*, No. 16-CV-874-FPG, 2018 WL 5668511, at *3 (W.D.N.Y. Nov. 1, 2018) (alteration in original) (quoting *Vincent*, 651 F.3d at 305).

The Commissioner argues that special circumstances apply here because Montes' attorney at the ALJ hearing "bore primary responsibility for the record development issue." (Dkt. No. 25 (Commissioner's Memo. of Law) at 8). The Commissioner raised the same argument at the merits stage of this action, but the Court ultimately rejected the argument in deciding to remand the case to the Commissioner for further development of the record. It was not "clear" to the Court then, nor is it now, that Montes' counsel "bore primary responsibility" for the gap in the record that resulted in the Court remanding the case to the Commissioner. *See Vincent*, 651 F.3d at 305 ("Because of the ALJ's duty to investigate, if counsel's entitlement to fees is questioned due to an undeveloped record, it must be clear that counsel bore primary responsibility for those deficiencies before the fee recovery is reduced."). Therefore, this is not the "rare" case in which the special circumstances exception bars recovery of a fee award. *Shaffer*, 2018 WL 5668511, at *3 (quoting *Mills v. Colvin*, No. 5:11-CV-955(GLS), 2013 WL 1499606, at *3 (N.D.N.Y. Apr. 11, 2013)).

### III. *Reasonableness of the Fee Request*

"Once a party has established entitlement to fees under the EAJA, the court must calculate what constitutes a reasonable attorney's fee using the '"lodestar approach."'" *Leon*, 2018 WL 4404577, at *3. "Under this approach, the number of hours reasonably

expended on the litigation is multiplied by a reasonable hourly rate for attorneys and paraprofessionals." *Id.* (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).

### A. *Reasonableness of the Hours Expended*

"The Court has broad discretion to determine the amount of time reasonably expended." *James v. Colvin*, 66 F. Supp. 3d 365, 367 (W.D.N.Y. 2014). "Generally, district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time." *Id.* "Where the facts of a specific case warrant it, courts do not hesitate to award fees for hours in excess of the norm." *Id.*

Upon submitting her reply brief at the merits stage of this action, Montes' counsel had expended 34.1 hours of attorney time on the litigation, which is within the reasonable range of hours for a routine social security case. (Dkt. No. 24-2 (Haungs Dec.) ¶3). However, Montes thereafter requested leave to file a sur-reply brief to address certain arguments raised by the Commissioner in her own reply brief, which the Court granted. (*See* Dkt. Nos. 18, 19). Montes' counsel worked 11 hours in connection with her sur-reply, pushing the total number of hours she spent at the merits stage to 45.1. Although this number exceeds the twenty to forty hours typically devoted to a routine social security case, the Court finds that counsel's work in connection with the sur-reply, which the Court allowed her to file, justifies compensating counsel for all 45.1 hours of attorney time expended at the merits stage of this litigation.

Counsel also spent 9.1 hours in connection with the instant EAJA motion for attorney's fees. (Dkt. No. 24-2 (Haungs Dec.) ¶3; Dkt. No. 26-1 (Haungs Reply Dec.) ¶3). Given Montes' success on her EAJA motion, the Court finds that counsel should be

compensated for this time as well. *See Shaffer*, 2018 WL 5668511, at *4 (compensating counsel for time spent working on successful EAJA motion).

In sum, Montes' counsel should be compensated for a total of 54.2 hours of attorney time.

      B. <u>*Reasonableness of the Hourly Rate*</u>

Determining counsel's hourly rate under the EAJA "involves applying a cost-of-living adjustment, as measured by the Consumer Price Index ("CPI"), to the statutory ceiling of $125.00 per hour set [by the EAJA] on March 29, 1996." *Leon*, 2018 WL 4404577, at *3. "[T]he hourly rate should only be increased by the corresponding CPI for each year in which the legal work was performed." *Id.*

Here, Montes proposes an hourly rate based upon the CPI from 2018. (Dkt. No. 24-2 (Haungs Dec.) ¶5). However, not all of counsel's legal work in this case was performed in 2018; some of it was performed in 2017 and 2019. (Dkt. No. 24-2 (Haungs Dec.); Dkt. No. 26-1 (Haungs Reply Dec.). The hourly rates for 2017, 2018, and 2019, as calculated by counsel using the relevant CPI, are $196.78, $201.59, and $202.08, respectively. (Dkt. No. 26 (Montes' Reply Memo. of Law.) at 11-12, 14). Using these rates, which the Commissioner does not dispute the accuracy of, Montes is entitled to an attorney's fee award of $10,815.15, calculated as follows:

| Year | Hours | Rate | Award |
|---|---|---|---|
| 2017 | 24.0 | $196.78 | $4,722.72 |
| 2018 | 21.2 | $201.59 | $4,273.71 |
| 2019 | 9.0 | $202.08 | $1,818.72 |
|  |  |  | Grand Total: **$10,815.15** |

## **CONCLUSION**

For the foregoing reasons, Montes' motion for attorney's fees under the EAJA is granted in part and denied in part. Montes is hereby awarded $10,815.15 in attorney's fees.

**SO ORDERED.**

Dated: May 28, 2019
Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge